# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD E. POWELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76448

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant was convicted in 2000 of four counts of first-degree murder with use of a deadly weapon for offenses committed in 1992. Appellant's March 19, 2018, petition is untimely, NRS 34.726(1), because it was filed more than fifteen years after issuance of the remittitur on direct appeal on August 13, 2002. *See Powell v. State*, Docket No. 37374 (Order of Affirmance, July 16, 2002). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-11561

Appellant claimed that NRS 213.085(1), prohibiting commutation of a sentence of life without the possibility of parole, should not apply to him because his offenses were committed before its enactment. Appellant also suggests that a sentence of life without the possibility of parole was not an allowable sentence for first-degree murder pursuant to the version of NRS 200.030 in effect in 1992. Consequently, appellant claims that he is entitled to be re-sentenced or released. To the extent that appellant challenged the validity of his 2002 judgment of conviction, appellant offers no reasons for the delay in filing the petition, and thus, the district court did not err in determining that the petition was procedurally barred and barred by laches.

To the extent that appellant challenges the computation of time served, which would not be subject to NRS 34.726 and NRS 34.800, appellant's claims are without merit. This court has previously determined that NRS 213.085 does not apply to offenses committed before its enactment, *Miller v. Warden*, 112 Nev. 930, 921 P.2d 882 (1996), meaning appellant may apply for a pardon or some other form of clemency pursuant to NRS 213.020(1). And contrary to appellant's argument, at the time of his offenses, NRS 200.030 permitted a sentence of life without the possibility of parole for first-degree murder. 1989 Nev. Stat., ch. 408, § 1, at 865. Appellant is not eligible for parole in this case because he is serving

four consecutive sentences of life without the possibility of parole for four counts of first-degree murder.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Kathleen E. Delaney, District Judge
      Richard E. Powell
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]It appears that appellant may be confusing the terms pardon, commutation, and parole.  A pardon is an act of executive clemency that forgives the legal consequences of a criminal conviction, *In re Sang Man Shin*, 125 Nev. 100, 103-110, 206 P.3d 91, 92-98 (2009); NRS 213.090, whereas commutation is "the changing of one sentence to another," *Colwell v. State*, 112 Nev. 807, 812, 919 P.2d 403, 406-07 (1996).  The power to pardon and commute lies within the discretion of the Pardons Board. Parole, on the other hand, allows an eligible prisoner to be released by the Parole Board and supervised by the Department of Parole and Probation before the expiration of the term of imprisonment imposed by the district court.  NRS 213.1099; NRS 213.120.  The decision to grant parole to an eligible prisoner is, absent exceptions not at issue here, discretionary.  NRS 213.1099(1).

Supreme Court
OF
Nevada

(O) 1947A